UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDY FARIS, AISHA OGLIVIE, and
SAMUEL MITCHELL,

                               Plaintiffs,

                                  **SECOND AMENDED COMPLAINT**

              -against-                      Jury Trial

                                 15 CV 7089 (KBF)

THE CITY OF NEW YORK, RUBEN SERRANO,
OSVALDO HERNANDEZ, WENDY FLORES,
JOHN FERRARA,

                              Defendants.

------------------------------------------------------------------X

       Plaintiffs ANDY FARIS, AISHA OGLIVIE, and SAMUEL MITCHELL, by and through their attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

## PRELIMINARY STATEMENT

       1.      Plaintiffs brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

       2.      The action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367. Plaintiff FARIS has complied with conditions precedent to file suit on his state law claims.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiffs are citizens of the United States, and at all relevant times were residents of the County of Bronx, City and State of New York.

7. Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. The Individual Defendants are officers who acted under the color of state law and are sued in their individual, supervisory and official capacities.

## FACTS

9. On July 18, 2014 around 7:30 p.m., plaintiff FARIS was walking towards his home with plaintiff OGLIVIE, when individual named defendants yanked them from the sidewalk and took them inside the lobby of the building next to plaintiff FARIS's apartment building.

10. Inside the lobby plaintiffs were placed in a line-up with one (1) other individual with whom plaintiffs were not acquainted with.

11. At least, 7-8 officers including the named defendants were inside the location where plaintiffs were detained.

12. Defendants Serrano, Hernandez and Flores searched plaintiffs without any probable cause and found no illegal contraband on them.

13. One of defendants informed defendant Ferrara that Plaintiff FARIS "had nothing on him."

14. Despite being a supervisor on the scene who was informed that plaintiff FARIS had nothing on his person, defendant Ferrara told the individual defendant to "take him anyway. Take them all."

15. Plaintiff MITCHELL was sitting on his bike across the street witnessing the arrests of the other plaintiffs.

16. Plaintiff FARIS asked the defendants permission to give his property to plaintiff MITCHELL.

17. When the defendants gave their ok, plaintiff MITCHELL approached to retrieve the property.

18. However, the defendants then grabbed plaintiff MITCHELL off of his bike, threw him to the ground, put their knees on his back and attempted to yank his hands behind his back while putting pressure on his shoulder blades.

19. Plaintiff MITCHELL did not know what he had done wrong but follow the defendants' directions. Yet, he was handcuffed while in pain and taken to the precinct for booking.

20. All three Plaintiffs were taken to the 40th precinct where they were all strip-searched without any reason and within the presence of officers of the opposite sex.

21. Plaintiff FARIS was then unceremoniously released through the side door around 4 p.m. the next day without being charged with any crime or illegal activity. Plaintiff OGLIVIE was held for 24 hours, had to make one court appearance before her case was dismissed. Plaintiff MITCHELL was held for 24 hours and released without any charges filed against him.

## AS AND FOR A FIRST CAUSE OF ACTION
(Unlawful search and seizure/false arrest/excessive force-Fourth Amendment)

22. Plaintiffs repeat, reiterate, and reallege each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

23. Plaintiffs were stopped, frisked and arrested for no reason.

24. Plaintiffs suffered injuries when they were yanked, thrown against the lobby of the building and injured their wrists when defendants tightened the handcuffs.

25. Plaintiffs were strip-searched without any just cause.

26. Plaintiffs spent over 20 hours in jail.

27. Plaintiff FARIS and MITCHELL were then released without being charged with any crime or illegal activity. Plaintiff OGLIVIE's charges were dismissed in court.

28. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive force, unlawful search and seizure, and malicious prosecution were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Denial of Right to Fair Trial)

29. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

30. Defendants fabricated probable cause and detained plaintiffs.

31. Defendants then arrested plaintiff and had them transported to the 40th precinct strip-searched them based on false charges and in absence of probable cause.

32. The false fabricated charge denied plaintiffs the right to a fair trial or a hearing.

33. As a result of defendants' conduct, plaintiffs suffered injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of

the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime and maintain quotas specially in the 40th precinct. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein. The defendant City's lack of training for defendants and having a de facto policy to arrest individuals for without probable cause in violation of plaintiff's civil rights.

37. This de facto policy has been subject to numerous lawsuits and was subject to many individual and class action judgments against the City.

38. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

39. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

40. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and

constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

41. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants targeted Plaintiffs and falsely accused them of crimes and arrested and strip-searched them because of their race, ethnicity and color.

43. Defendants intentionally discriminated against plaintiffs and in so doing denied them the full and equal benefits and equal protection under the laws.

44. As a result of these actions, Plaintiffs suffered injuries.

### AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

45. Plaintiff repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. Upon information and belief, Defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiffs' rights.

### AS AND FOR AN SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Plaintiffs' constitutional injuries herein were caused by the carelessness, recklessness and negligence of the Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

49. As a result, plaintiffs suffered injuries.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

50. Plaintiff repeat, reiterate and reallege each and every allegation contained in the foregoing as if fully set forth herein.

51. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN NINTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

52. Plaintiff repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53. As a result of the foregoing, Plaintiff was subjected to malicious abuse of process by the defendants which led to him to being dragged, detained, strip-searched and arrested simply for the defendants to generate arrests, meet quotas and gain financially through overtime for this preposterous scheme, appease NYPD brass and in so doing caused plaintiff harm without any excuse or justification.

## AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Prosecution)

54. Plaintiff OGLIVIE repeats, realleges and reiterates each of the foregoing paragraphs as if fully set forth herein.

55. Plaintiff was falsely arrested and charged with a crime she did not commit.

56. Defendants forwarded the false information to the DA's office, knowing that plaintiff would be charged and have to make numerous court appearances.

57. The false charges against plaintiff were dismissed in her favor.

58. Defendants knew that the false charges would result in plaintiff being maliciously prosecuted. AS a result, plaintiff OGLIVIE suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount One Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
March 11, 2016

                                                PAWAR LAW GROUP, P.C.
                                                20 Vesey Street, Suite 1210
                                                New York, New York 10007
                                                (212) 571-0805

                                          By: _____
                                                Robert Blossner, Esq. (RB0526)
                                                Vik Pawar, Esq. (VP9101)
                                                *Attorneys for Plaintiff*