# PAWAR LAW GROUP P.C.

### ATTORNEYS AT LAW

20 VESEY STREET SUITE 1210
NEW YORK NEW YORK 10007

**Robert Blossner**
**Vik Pawar**

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.com

NEW JERSEY OFFICE:

6 SOUTH STREET, SUITE 201
MORRISTOWN, NEW JERSEY

September 9, 2016

**BY ECF:**
The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York

Re:   *Faris et al., v. Serrano, et al.*, 15 CV 7089 (KBF)

Dear Judge Forrest:

Please accept this short letter-motion in support of plaintiffs Faris and Oglivie's motion for a protective order, under Rule 30(d)(3), in advance of their depositions.[1]

Plaintiffs Faris and Oglivie respectfully request that the Court limit and confine their deposition testimony to relevant information that is part of their claims and to prevent unnecessary harassment and annoyance directed towards them by defense counsel.

This District has held that movant's burden requires him to cite "specific examples or articulated reasoning" in support of his order of protection. *Loussier v. Universal Music Group*, 214 F.R.D. 174, 177 (S.D.N.Y. 2003) (*citing Havens v. Metropolitan Life Ins. Co. (In re Akron Beacon Journal)*, No. 94 Civ. 1402, 1995 U.S. Dist. LEXIS 5183, *10 (S.D.N.Y. Apr. 20, 1995). However, this District has also held that specific examples **are not necessary** and movant need only allege "sufficient good cause." *Topo v. Dhir*, 210 F.R.D. 76, 77-78 (S.D.N.Y. 2002) (emphasis added).

---

[1] While plaintiffs could have made this application at their respective depositions, it makes sense to do it in advance so that the deposition is not interrupted and (as we now know) the Court is not disrupted during the trial next week.

In our collective experience with defending plaintiff's depositions in cases brought against NYPD defendants, the NYC Law Department attorneys spend an inordinate amount of time asking plaintiff(s) about their *past* arrests history. Plaintiff(s) are questioned about every minute detail of each arrest, facts surrounding the arrest, result of the arrest, witnesses to the arrest, as if the past arrests are part of their lawsuit. By the time the plaintiff is questioned about the incident that led him/her to bring the lawsuit that allowed the deposition, the plaintiff is exhausted, frustrated, annoyed, oppressed, embarassed, and clearly defeated. Perhaps that is the goal of questioning *ad nauseam* about incidents that are not part of the lawsuit. This has to come to an end.

Plaintiffs Faris and Oglivie may have past history of arrests but they are not seeking any damages for mental injuries. They are simply seeking vindication of their constitutionally protected rights.

While Rule 26(b)(1) provides for broad discovery, courts should not grant discovery requests based on pure speculation that amounts to nothing more than "fishing expedition" into actions or past wrongdoing not related to alleged claims or defenses. *Collens v. City of New York*, 222 F.R.D. 249 (S.D.N.Y. 2004). In addition, Rule 26(c) states that a court may issue a protective order to protect the party from annoyance, embarrassment, or oppression.

As the Court noted in it's Order dated today, plaintiffs Faris and Oglivie have withdrawn their claims for "mental damages", if such claim even existed. There is no reason for defendants to spend hours of deposition testimony digging into past arrests of both plaintiffs. Plaintiffs have presented "sufficient good cause" to limit and confine their deposition testimony under Rule 30(d)(3).

Respectfully,

/s
Vik Pawar (VP9101)
Robert Blossner (RB0526)

Cc:   Ms. Lucienne Pierre, Esq.
      *Assistant Corporation Counsel*